IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LARRY RANDALL, | * |  |
| Plaintiff | * |  |
| v. | * | CIVIL NO. JKB-14-3750 |
| ANNE ARUNDEL CNTY. PUB. LIB., | * |  |
| Defendant | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Anne Arundel County Public Library's motion to dismiss Larry Randall's complaint. (ECF No. 3.) Plaintiff Randall has claimed that Defendant retaliated against him for engaging in protected activity, in violation of Title VII, 42 U.S.C. § 2000e-3. (Compl., ECF No. 1.) Specifically, Randall alleges he applied for numerous promotions, which were denied him, and that after he filed suit against Defendant for discrimination based on his race (African-American), he was again denied a promotion; when Defendant's human resources chief informed Randall he had not been selected for the position, she remarked to him "that he could not claim that his non-selection was 'race discrimination' because AACPL choose [*sic*] an African-American . . . for the position." (*Id.* ¶¶ 6-10.) The Court has considered the motion, the opposition thereto (ECF No. 5), and Defendant's reply (ECF No. 6), and finds no hearing is necessary, Local Rule 105.6 (D. Md. 2014). The motion will be denied.

Keeping in mind the relevant standard for evaluating the sufficiency of a complaint under Federal Rule of Civil Procedure 8(a), *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), the Court concludes Randall has plausibly alleged that Defendant retaliated against him for engaging in protected activity. Defendant has unpersuasively argued that, because Randall's lawsuit was filed in August 2011 and his nonselection occurred in April 2013 following his application for the position in February 2013, the Court should find no temporal proximity between the initiation of his lawsuit and his nonselection. (Def.'s Mot. Dismiss Supp. Mem. 4-5, ECF No. 3.) Defendant's focus on the initiation of the lawsuit presupposes that the litigation ongoing at the time of the nonselection is irrelevant to the fact-finder. The Court finds otherwise. Moreover, Randall's allegation of what the human resources chief said to him in connection with his nonselection permits a reasonable inference that his race discrimination suit had some bearing upon his nonselection.

Accordingly, it is hereby ORDERED that Defendant's motion to dismiss (ECF No. 3) IS DENIED and that Defendant SHALL ANSWER in the time required under Rule 12(a)(4)(A).

DATED this 11th day of March, 2015.

                                                    BY THE COURT:

                                                    _____/s/_____
                                                    James K. Bredar
                                                    United States District Judge